IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Judge Philip G. Reinhard |
| | ) | Case No. 17CR50083 |
| | ) | |
| TROY POWELL | ) | |

**Sentencing Memorandum**

Troy Powel by the Federal Defender Program, John F. Murphy Executive Director and Paul E. Gaziano one of his assistants provides this Memorandum as suggested conditions of supervised release.

**Introduction**

Mr. Powell was originally sentenced in the Northern District of Texas (case no. 14CR00007-P-BL (1). The district court sentenced Mr. Powell to 48 months imprisonment to be followed by 5 years of supervised release. While imprisoned several sex offender conditions were added by an order modifying supervised release. (Doc 50, filed in the original court of jurisdiction.). Mr. Powell was released from the Bureau of Prisons on July 31, 2017. Jurisdiction was transferred to this Court on December 15, 2017.

1

Mr. Powell filed pro se a motion to modify the conditions of supervised release on February 12, 2018. (Doc. 3). The government responded to that motion and the probation office filed a special report. (Docs. 5 and 6). The Federal Defender Program was appointed to represent Mr. Powell and subsequently filed a position paper regarding the terms of supervised release. (Doc. 17)

The government and Mr. Powell have determined that the differences in positions could best be resolved by working with the uniform supervised release form used in this district and in effect having this court modify the terms of supervised release by following that form. The parties have agreed on a number of the conditions of supervised release and have disagreed on other terms. The undersigned has met with Mr. Love, Assistant United States Attorney, and at separate times with Mr. Powell. The undersigned was charged with preparing the draft of agreed and disputed conditions. Since the undersigned has no secretary and is responsible for his own typing, the task of preparing this document took longer than expected. For this the undersigned apologizes to the Court and Counsel. If the government is in need of more time to respond, no objection will be made to that request.1

---

1. Counsel has placed objections in bold print in the text of this document.

2

**Mandatory Conditions of Supervised Release**

1. You shall not commit another Federal, State, or local crime

2. You shall not unlawfully possess a controlled substance.

3. You shall register and comply with all requirements of the Sex Offender Registration and Notification Act (34 U.S.C. §20913).

4. You shall cooperate with the collection of a DNA sample if the collection of the sample is required by law.

5. You shall refrain for any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release.

   **Objection: Mr. Powell objects to the inclusion of this condition of supervised release. The original presentence investigation does not support the inclusion of this condition. See, paragraph 53 of PSI.**

**Discretionary Conditions of Supervised Release**

1. You shall seek lawful employment or pursue a course of study or vocational training that will equip you for employment. If lawfully employed, must work conscientiously. (Discretionary Condition 4)

2. (a)You shall refrain from knowingly meeting, communicating, or

otherwise interaction with any person you know to be engaged, or planning to be engaged, in criminal activity; (b) you shall refrain from knowingly meeting, communicating, or otherwise interacting with any person you know is a convicted felon, unless granted permission by the court or the probation officer. This condition does not apply to family members.( Discretionary Condition 6)

3. You shall refrain from excessive use of alcohol (defined as having a blood alcohol concentration of greater that 0.08; and any use of a narcotic drug or other controlled substance as defined in § 102 of the Controlled Substances Act (21 U.S.C.§802), without a prescription by a licensed medical practitioner. (Discretionary Condition 7)

**Notice of Disagreement The government suggests that Mr. Powell refrain from any use of alcohol; Mr. Powell suggests that he be prohibited from excessive use of alcohol. The PSI does not support the complete abstention of alcohol. Mr. Powell had no alcohol related criminal activity in his record. The PSI does not suggest that Mr. Powell abused alcohol.**

4. You shall refrain from possessing a firearm, BB gun, pellet gun, or destructive device, and you shall refrain from using any other object as a

4

dangerous weapon. The term "dangerous weapon" includes objects used, though not designed to be used as weapons. (Discretionary Condition 8)

5. (a)You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The program my include testing, up to a maximum of 104 tests per year to determine your compliance with the requirements of the program. The probation officer shall supervise your participation in the program. (b) You shall participate in a mental health treatment program. The program shall be approved by the probation officer. You shall abide by the rules and regulations of the program. The probation officer, in consultation with the treatment provider, shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.) (Discretionary Condition 9)

**Objection:**

**Mr. Powell objects to the inclusion of these conditions. The PSI does not support the inclusion of these conditions. Mr. Powell fears that the Court will impose a sex offender treatment program as part of this supervised release order. If that occurs Mr. Powell will be required to attend a variety of programs which may cause him to expend large**

5

**amounts of time which can be devoted to his occupation. These various programs may be in conflict as to appropriate modalities and duration. Mr. Powell also objects to the use of the term, "etc." that is an indefinite term without substantive meaning. Mr. Powell points out that he is required at present to drive approximately 5 hours round trip to attend the Sex Offender Counseling mandated by the probation officer.**

6. You shall refrain from knowingly leaving the geographic area of the jurisdiction of the district court where you are being supervised unless granted permission leave by the court or a probation officer. The geographic area of the jurisdiction of the United States District Court of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago. (Discretionary Condition 14)

7. You shall report to a probation office at reasonable times as directed by the court or a probation officer. (Discretionary Condition 15)

8. You shall permit a probation officer to visit you: (a) at home between the hours of 6:00 a.m. and 10:00 p.m.; (b) at work to verify your employment; (c) you shall permit the confiscation of any contraband observed in plain

view of the probation officer. (Discretionary Condition 16 (a) (b) and (c))

9. You shall notify the probation officer within 72 hours of becoming aware of any change in your employer or residence. (Discretionary Condition 17)

10. You shall notify the probation officer within 72 hours of being arrested, charged, or question by a person you know to be a law enforcement officer. (Discretionary Condition 18)

11. You shall submit your person, property, house, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030 (e) (1), and other electronic communications or data storage devices or media to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release, you shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any officer(s) may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the area(s) to be searched contains evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. (Discretionary Condition 23)

**Objection** **Mr. Powell objects to the inclusion of this condition. The**

crime of conviction was a violation of 18 U.S.C. 2250 (a), Failure to register as a sex offender. Neither the crime of conviction nor Mr. Powell's prior record indicate that he has stored, maintained, or produced items which are subject to search or constitute evidence of violations of the conditions of supervised release. This condition is overbroad and vague as to necessity for imposition. No computer or electronic device was used in the crime of conviction; no computer or electronic device was used in the prior criminal convictions entered against Mr. Powell.

**Special Conditions**

Mr. Powell believes that the government will not be seeking imposition of Special Conditions 1-8 inclusive. Mr. Powell agrees with that position. Mr. Powell believes that the Government and the probation office are seeking the complete imposition of Special Condition 9 (a), (b), (c), (d), (e), (f), (g), (h), and (i).

Mr. Powell objects to the inclusion of all of these conditions. First, Mr. Powell notes that he lives in the Southwestern portion of the Northern District of Illinois. The probation office of the Western Division does not contract with a sex offender treatment program

which is geographically convenient to Mr. Powell. He is presently required to drive a total of approximately five hours to attend the program mandated by the Probation office. Mr. Powell notes that there are sex offender treatment programs available in the Rockford Illinois area but the Probation Office opts not to contract with those programs. The imposition of this condition places an unusually heavy obligation and makes successful compliance very difficult.

If the Court deems the inclusion of portions of this are required, Mr. Powell offers the following objections:

Condition 9 (a) requires Mr. Powell to submit to physiological and psychological testing.

    Mr. Powell fears that he may be required to submit to plethysmographic testing. Such testing is an undue deprivation of privacy and liberty and of disputed validity. In United States v. Weber, 451 F3d 552 (9th Cir, 2006), the Court reviewed an order requiring Mr. Weber to submit to such testing as a condition of supervised release. The Court concluded that this type of testing was an unreasonable and unnecessary deprivation of defendant's liberty. Mr. Powell notes that the Seventh Circuit refused to address this issue in United States v. Rhodes, 552 F.3d 624 (7th Cir. 2009), however, that ruling was premised

9

upon the finding that the issue was not yet ripe for review.

**Mr. Powell further fears that the use of a polygraph examination may be used to elicit incriminating information from him. The use of the polygraph examination should be limited to only matters deemed relevant by the treatment provider and no answer provided by Mr. Powell should be considered a violation of the supervised release**.

**Paragraph 9(b) forbids the use of computers and internet services and 9(c) requires monitoring of the computers used by Mr. Powell. These conditions are not related to the crime of conviction or to the crimes in his background. The government and probation office have failed to establish a justification for the imposition of these paragraphs. Paragraph 9 (h) requires Mr. Powell to provide copies of his financial matters to the probation office. Since Mr. Powell has not financial obligations to the United States that condition is overbroad and unnecessary. This condition is unrelated to the crime of conviction.**

Special Condition 11 requires that Mr. Powell not act as an informant without special permission of the court. No objection is offered.

Special Condition 13 is not objected to if the following modifications are incorporated.

You shall allow the probation officer to verify that you have notified or to notify in the absence of your prior notification (a) your employer or any person with whom you conduct business about any reasonably foreseeable risk you pose based upon your conduct in this offense and your status as a registered sex offender. **(b) Mr. Powell objects to the inclusion of substance abuse history.** (c) any person with whom you are in a dating or engagement relationship about any reasonably foreseeable risk you pose based upon your status as a registered sex offender. (d) any prospective tenant or present tenant of your status as a registered sex offender

                Respectfully submitted:
                FEDERAL DEFENDER PROGRAM
                John F. Murphy
                Executive Director

                By: ____/s/_____
                     Paul E. Gaziano
                Attorneys for Defendant

PAUL E. GAZIANO
FEDERAL DEFENDER PROGRAM
401W. State Street - Suite 800

Rockford, IL 61101
(815) 961-0800