IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Judge Philip G. Reinhard |
| | ) | Case No. 17CR50083 |
| | ) | |
| TROY POWELL | ) | |

Supplemental **Sentencing Memorandum**

Troy Powel by the Federal Defender Program, John F. Murphy Executive Director and Paul E. Gaziano one of his assistants provides this Memorandum as suggested conditions of supervised release.

**Introduction**

The Court scheduled a hearing on September 19, 2018 for the purpose of determining the conditions of supervised release in this matter. Defense counsel requested a short continuance due to counsel's having been ill for several days before the scheduled hearing and due to having only receiving the probation office's supplemental report dated September 18, 2018 the morning of the hearing. The Court granted a short continuance. Defense counsel met with Mr. Powell and reviewed the conditions of supervised release sought by the

1

probation office. Mr. Powell now submits his agreements, objections, and disputes with those conditions

**Mandatory Conditions of Supervised Release**

1. No objection.

3. No objection

5. No objection

6. No objection

7. Mr. Powell maintains his objection to the inclusion of this condition as sought by the probation office. He would not object to no more than 4 periodic tests per year.

**Discretionary Conditions**

4. No objection

6. 6(a) no objection; 6(b) no objection except would want the restriction not to apply to Chessica Bellows; 6(c) no objection

7. Object to the requirement of total abstention from alcohol. No objection to the excessive use of alcohol defined as having a blood alcohol concentration greater than 0.08.

8. No objection.

9. 9(b). No objection, but Mr. Powell is concerned that the Probation Office may

2

require him to travel for the purpose of fulfilling this requirement.

14. No objection

15. No objection.

16. 16(a) no objection; 16(b) no objection 16(c) no objection if community service location is stricken.

17. No objection

18. No objection

23. Mr. Powell maintains his objection to this condition. See Sentencing Memorandum.

    **Special Conditions of Supervised Release**.

9. Mr. Powell maintains his objection to the condition of Sex Offender Treatment, however, in appreciation of the Court's comments Mr. Powell understands the reasoning behind this requirement. Mr. Powell agrees that any testing will not include plethysmography studies. Mr. Powell seeks limitations on the use of polygraph tests by the treatment provider to ensure compliance with the treatment program's requirements and restrictions.1  However, the requirement for polygraph examination must be viewed according to constitutional limitations. The paragraph requiring participation in polygraph examination

---

1  United States v. Brewster, 627 Fed. Appx, 567, 570 (7th Cir.2015)

should include the phrase subject to constitutional limitations and the failure to answer a question based upon a Constitutional right shall not be a basis for revocation of supervised release even if that refusal leads to dismissal from the treatment program.2

9 (b); 9(c).  Mr. Powell maintains his objections to paragraphs 9 (b); 9(c).

9(d).   No objection.

9(e).   No objection but objection is made to the incorporation of Special Condition 14.

9 (f).   No objection

9(g).   No objection

9(h).   Mr. Powell maintains his objection.

11.   No objection

13.   Mr. Powell maintains his objection to the wording of this condition. He asks the court to use the wording suggested in Mr. Powell's sentencing memorandum. Mr. Powell objects to the language of 13 (d). This suggestion ignores the reality of being a landlord. The Court should if necessary provide that Mr. Powell should not be present in any of the rented apartments while a minor child is present unless that child's parent, guardian, or adult care giver is

---

2  United States v. Von Behren, 822 F.3d 1139, 1150-1151 (10th Cir. 2016)

4

present.

Additional Comments.

Mr. Powell understands that the Probation Office is able in its discretion determine the place of mental health treatment and sex offender treatment. Mr. Powell is now required to travel from his home in Rock Falls, Illinois to Winfield, Illinois for the purpose of treatment. This is approximately a 97 mile one way trip. There are other sex offender treatment providers located within the Western Division of this district. There are other sex offender treatment providers closer to Mr. Powell's residence even though these might be outside of this district. Mr. Powell asks the Court to consider directing the probation office to determine why these more convenient and licensed providers cannot be used.

    Respectfully submitted:
    FEDERAL DEFENDER PROGRAM
    John F. Murphy
    Executive Director

    By: ____/s/_____
        Paul E. Gaziano
    Attorneys for Defendant

PAUL E. GAZIANO
FEDERAL DEFENDER PROGRAM
401W. State Street - Suite 800
Rockford, IL 61101
(815) 961-0800